No. 2--06--0548        Filed:  5-13-08

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Du Page County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 02--CF--2046 |
| | ) | |
| ANTONIO HERNANDEZ, JR., | ) | Honorable |
| | ) | Kathryn E. Creswell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Antonio Hernandez, Jr., appeals his sentences for predatory criminal sexual assault of a child (720 ILCS 5/12--14.1(a)(1) (West 2002)) and aggravated criminal sexual abuse (720 ILCS 5/12--16(c)(1)(i) (West 2002)), arguing that the mandatory-life-sentence statute is unconstitutional as applied to him.  Defendant also argues that the two concurrent life sentences for his convictions of predatory criminal sexual assault of a child were improperly imposed.  Lastly, defendant argues that the trial court erred by imposing for the aggravated-criminal-sexual-abuse convictions three concurrent five-year sentences to be served consecutively to the two life sentences. We affirm the concurrent life sentences, and we modify the three concurrent five-year sentences to be served concurrently with the two life sentences.

I.  Factual Background

During a bench trial, the State presented evidence that, after gaining the trust of two six-year-old boys, defendant, inter alia, placed his penis into their mouths and buttocks. The trial court found defendant guilty of two counts of predatory criminal sexual assault of a child and three counts of aggravated criminal sexual abuse. The trial court sentenced defendant to two concurrent life sentences for the predatory-criminal-sexual-assault-of-a-child convictions, pursuant to the mandatory provision in section 12--14.1(b)(1.2) of the Criminal Code of 1961 (720 ILCS 12--14.1(b)(1.2) (West 2002)) and three concurrent five-year sentences for the aggravated-criminal-sexual-abuse convictions, to be served consecutively to the life sentences. Defendant filed this timely appeal.

II. Constitutionality of Mandatory Life Sentence

On appeal, defendant contends that the mandatory life sentence provision of the predatory-criminal-sexual-assault-of-a-child statute is unconstitutional as applied to him, because it "shocks the conscience of the community to imprison this young first offender for the rest of his life for a single impulsive incident." (Defendant was 32 years old at the time of the offenses.)

The statute at issue provides in relevant part:

"A person convicted of predatory criminal sexual assault of a child committed against 2 or more persons regardless of whether the offenses occurred as the result of the same act or of several or unrelated acts shall be sentenced to a term of natural life imprisonment." 720 ILCS 5/12--14.1(b)(1.2) (West 2002).

A statute is presumed constitutional and a party challenging the statute bears the burden of demonstrating its invalidity. People v. Huddleston, 212 Ill. 2d 107, 128-29 (2004). A statute may be unconstitutional if it violates the proportionate penalties clause of the Illinois Constitution, which requires that the punishment for an offense be proportionate to its seriousness. Ill. Const. 1970, art.

I, §11; People v. Sharpe, 216 Ill. 2d 481, 498 (2005).  One way a statute can violate the proportionate penalties clause is if the penalty " 'is cruel, degrading, or so wholly disproportionate to the offense committed as to shock the moral sense of the community.' "  Sharpe, 216 Ill. 2d at 498, quoting People v. Moss, 206 Ill. 2d 503, 522 (2003).  To determine whether a penalty shocks the moral sense of the community, we must consider objective evidence as well as the community's changing standard of moral decency.  See People v. Miller, 202 Ill. 2d 328, 339 (2002).  We review the constitutionality of a statute de novo.  Miller, 202 Ill. 2d at 335.

To determine the seriousness of a particular offense, for purposes of the proportionate penalties clause, we consider the degree of harm, the frequency of the crime, and the risk of bodily injury associated with it.  Huddleston, 212 Ill. 2d at 129.

Like the statute at issue here, our legislature has enacted other statutes reflecting concern for the welfare and safety of children.  See generally 720 ILCS 5/11--9.3 (West 2006) (prohibiting child sex offenders from being present within school zones); 720 ILCS 5/11--9.4 (West 2006) (prohibiting child sex offenders from communicating with, approaching, or contacting children within public parks); 720 ILCS 5/12--14.1(a)(1) (West 2006) (predatory criminal sexual assault of a child); 730 ILCS 5/5--5--3.2(b)(4)(i) (West 2006) (making a defendant eligible for an extended-term sentence, based upon the young age of the victim); 725 ILCS 5/115--7.3 (West 2006) (allowing admission of other-crimes evidence in prosecution of sex offenders); 725 ILCS 5/115--10(a)(2) (West 2006) (allowing testimony of a child's out-of-court statement describing a sexual act perpetrated upon the child).  The sentencing provision at issue in the instant case was obviously intended to protect this vulnerable segment of our society from sexual predation, by deterring would-be offenders and

ensuring that those who commit sexual acts with multiple victims will not have the opportunity to reoffend.

As to the constitutionality of the statute, our supreme court decided it was constitutional as applied to a similar offender in Huddleston, 212 Ill. 2d at 145. In Huddleston, there were three victims, there was a one-month interval between the offenses, and the defendant had previously committed a sex offense. Huddleston, 212 Ill. 2d at 141-42.

Defendant distinguishes Huddleston from this case by pointing out that his acts were against only two victims, the minimum number to require imposition of a life sentence under the statute (720 ILCS 5/12--14.1(b)(1.2) (West 2002)); that the offenses occurred close in time; and that his acts were impulsive and unplanned. Defendant further notes that he had no prior arrests or criminal background and he had an education, a history of military service, a job, and a caring relationship with his wife and children. In addition, defendant caused no bodily injury to his victims. However, we are not persuaded by defendant's factual distinctions.

While defendant's conduct and background were not precisely the same as those of the defendant in Huddleston, defendant ignores the seriousness of his conduct. Defendant's two victims were merely six years old when defendant sexually molested them. Defendant was a member of one of the young victim's extended family and he was the victims' babysitter's husband, thereby garnering their trust. The young victims were scared during the assaults and one of the victims suffered psychological trauma as a result of the incident. Defendant forced the boys to place defendant's penis in their mouths by pulling their heads back, and defendant forced them to lick his penis. Defendant also pulled off their pants and placed his penis into their buttocks. Defendant told the boys not to tell their parents. In Huddleston, the Illinois Supreme Court provided a lengthy review

of the devastating and long-lasting effects child sexual abuse has on its young victims and noted its high rate of recidivism. Huddleston, 212 Ill. 2d at 131-40. Having considered all relevant factors for purposes of the proportionate penalties clause, we cannot say that the legislature's mandated sentence is unconstitutional as applied to defendant.

We must remember that the legislature, rather than the judiciary, is better equipped to determine the seriousness of an offense and the appropriate remedies for the evils confronting society. Huddleston, 212 Ill. 2d at 141-42. Accordingly, we appropriately defer to the legislature's judgment and determine that sentencing defendant to two concurrent life sentences for his two convictions of predatory criminal sexual assault against two young boys is not cruel or degrading or shocking to the moral sense of the community. Therefore, it does not violate the proportionate penalties clause of the Illinois Constitution.

Defendant cites People v. Miller, 202 Ill. 2d 328 (2002), to support his argument. However, Miller is factually distinguishable from the case at bar. In Miller, the defendant was to be sentenced pursuant to the provision mandating life imprisonment for two convictions of first degree murder (730 ILCS 5/5--8--1(a)(1)(c)(ii) (West 1996). Miller, 202 Ill. 2d at 331. The Illinois Supreme Court held that the provision was unconstitutional as applied to the defendant. However, the defendant in Miller was merely 15 years old and was tried under an accountability theory. In this case, defendant was a mature adult at the time of the offenses, and he was the principal actor. Thus, Miller is not applicable here. Defendant has not sustained his burden to establish that the statute is unconstitutional as to him.

### III. Concurrent Life Sentences

Next, defendant argues that the trial court erred by imposing two concurrent life sentences for his predatory-criminal-sexual-assault-of-a-child convictions. We disagree with defendant because the statute permits more than one sentence for more than one conviction. See 720 ILCS 5/12--14.1(b)(1.2) (West 2002).

The predatory-criminal-sexual-assault-of-a-child statute provides for a mandatory life sentence for each conviction. See 720 ILCS 5/12--14.1(b)(1.2) (West 2002). The statute requires "a term of natural life imprisonment" where a person is convicted of committing the offense against two or more persons. 720 ILCS 5/12--14.1(b)(1.2) (West 2002). Because the statute, read as a whole and given its plain and ordinary meaning (see generally People v. McClure, 218 Ill. 2d 375, 382 (2006)), authorizes one life sentence for each conviction, we affirm defendant's two concurrent life sentences for his two convictions of predatory criminal sexual assault of a child.

### IV. Concurrent Five-Year Sentences Consecutive to Life Sentences

Lastly, defendant argues that the trial court erred by imposing three concurrent five-year sentences for the aggravated-criminal-sexual-abuse convictions to be served consecutively to the two life sentences. This court has joined other districts of the appellate court in holding that it is impossible for a defendant to serve any sentence after completing a life sentence. "A defendant can serve only the one life that he has. After that life is gone, there is nothing left to serve." People v. Waldron, 375 Ill. App. 3d 159, 161 (2007); see also People v. Spears, 371 Ill. App. 3d 1000, 1008 (2007); People v. Dixon, 366 Ill. App. 3d 848, 856 (2006). Because a defendant can serve no more than one life, and "[c]alling [a sentence] consecutive would not add one minute or one day to defendant's punishment" (People v. Palmer, 218 Ill. 2d 148, 169 (2006)), we modify defendant's three concurrent five-year sentences to be served concurrently with his two life sentences.

Affirmed as modified.

BOWMAN and ZENOFF, JJ., concur.