NOTICE
Decision filed 11/19/18. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2018 IL App (5th) 140378

NO. 5-14-0378

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Jackson County. |
| | ) | |
| v. | ) | No. 13-CF-590 |
| | ) | |
| DONTRIEL BARNES, | ) | Honorable |
| | ) | Ralph R. Bloodworth III, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Justices Chapman and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1     Following a jury trial, defendant, Dontriel Barnes, was convicted of armed robbery in the circuit court of Jackson County. 720 ILCS 5/18-2(a)(2) (West 2012). Defendant, who was 17 years old at the time of the offense, was sentenced to 22 years in the Illinois Department of Corrections, which included a mandatory 15-year enhancement for defendant's use of a firearm, to be followed by 3 years mandatory supervised release. On appeal, defendant argues that section 5-4.5-105 of the Unified Code of Corrections (Code), which took effect during the pendency of this appeal and grants the trial court discretion to not impose the firearm enhancement, applies retroactively. 730 ILCS 5/5-4.5-105 (West 2016). Defendant asks this court to vacate his 22-year sentence and remand the cause for a resentencing hearing to afford the trial court the opportunity to exercise its discretion as to whether the firearm enhancement should be imposed.

1

Alternatively, defendant argues that if this court concludes section 5-4.5-105 is prospective only, the imposition of the mandatory 15-year firearm enhancement is unconstitutional as applied to defendant. For the following reasons, we vacate defendant's sentence and remand this cause for a resentencing hearing to afford the trial court the opportunity to exercise its discretion as to whether the firearm enhancement should be imposed.

¶ 2                                              BACKGROUND

¶ 3      Defendant was convicted of armed robbery on May 1, 2014, after he robbed a gas station in Murphysboro on December 9, 2013. 720 ILCS 5/18-2(a)(2) (West 2012). The evidence adduced at trial revealed that defendant wore a mask and displayed an unloaded revolver to the gas station clerk during the commission of the crime. In addition, three photographs that were taken on November 30, 2013, were recovered on defendant's cell phone, which depicted defendant wearing sunglasses and holding a revolver. Another picture on defendant's phone, which was taken 25 minutes prior to the commission of the armed robbery, displayed the silhouette of a person possibly holding a firearm.

¶ 4      At sentencing, defendant faced a prison term of 21 to 45 years. *Id.* § 18-2(b) (at the time of defendant's sentencing, armed robbery was a Class X felony punishable by 6 to 30 years' imprisonment with a mandatory 15-year firearm enhancement). In its discretion, the trial court imposed a 7-year sentence, which when added to the mandatory 15-year enhancement equated to a 22-year sentence. Thereafter, defendant filed a motion to reduce sentence, which the trial court denied.

¶ 5      This appeal followed.

2

¶ 6                                    ANALYSIS

¶ 7                     I. Amendment to Section 5-4.5-105 of the Code

¶ 8    Defendant first argues that because section 5-4.5-105 of the Code applies retroactively, defendant's 22-year sentence, which included a mandatory 15-year firearm enhancement, must be vacated and remanded for a resentencing hearing to afford the trial court discretion as to whether the firearm enhancement should be imposed. See Pub. Acts 99-69, 99-258 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105).

¶ 9    While this matter was pending on appeal, the juvenile sentencing provisions of the Code were amended. Effective January 1, 2016, the Illinois legislature enacted section 5-4.5-105 of the Code (730 ILCS 5/5-4.5-105 (West 2016)), which provides a new sentencing scheme for criminal defendants under 18 years of age at the time of the commission of an offense. *People v. Reyes*, 2016 IL 119271, ¶ 11. The new statute requires the sentencing judge to consider several factors in mitigation in determining the appropriate sentence for a defendant under 18 years of age, including (1) the defendant's impetuosity, level of maturity, and ability to consider risks and consequences; (2) whether the defendant was subjected to outside pressures; (3) the defendant's home environment and any history of parental neglect, physical abuse, or other childhood trauma; (4) the defendant's potential for rehabilitation; (5) the circumstances of the offense; (6) the defendant's role in the offense; (7) whether the defendant participated in his or her defense; (8) the defendant's prior juvenile or criminal history; and (9) other relevant information. 730 ILCS 5/5-4.5-105(a)(1)-(9) (West 2016). In addition, the new statute provides that the imposition of firearm enhancements is a matter within the discretion of the trial court. *Id.* § 5-4.5-105(b).

¶ 10    At issue here is whether subsection (b) under section 5-4.5-105 of the Code applies retroactively to defendant's case. Effective January 1, 2016, subsection (b) provides, in relevant part:

> "(b) Except as provided in subsection (c), the court may sentence the defendant to any disposition authorized for the class of the offense of which he or she was found guilty as described in Article 4.5 of this Code, and may, in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon firearm possession ***." *Id.*

¶ 11    Our supreme court directly addressed whether this provision applies retroactively in *People v. Hunter*, 2017 IL 121306. In *Hunter*, the State charged the defendant with aggravated vehicular hijacking, aggravated kidnapping, and armed robbery, all while armed with a firearm. *Id.* ¶ 4. Following a bench trial, the defendant was convicted on all three counts and sentenced to concurrent terms of 21 years' imprisonment, which included a 15-year enhancement for use of a firearm. Similar to the instant case, the new sentencing provisions under section 5-4.5-105 of the Code became effective during the pendency of the defendant's appeal. *Id.* ¶ 46. On appeal, the defendant argued his case should be remanded for a new sentencing hearing because the new sentencing provisions applied retroactively. *Id.* ¶ 9. The appellate court concluded that the new sentencing guidelines did not apply retroactively, and our supreme court granted the defendant's petition for leave to appeal. *Id.*

¶ 12    Relevant to this appeal, our supreme court noted that subsection (b) under section 5-4.5-105 of the Code was silent regarding its temporal reach. *Id.* ¶ 52. Therefore, the court referred to section 4 of the Statute on Statutes (5 ILCS 70/4 (West 2016)) to determine whether the new sentencing guidelines applied retroactively to the defendant. *Hunter*, 2017 IL 121306, ¶ 52. The court held the new guidelines did not apply retroactively to the defendant, who was sentenced

before the statute took effect. *Id.* In reaching this determination, our supreme court observed that "[t]he second sentence of section 4 of the Statute on Statutes expressly provides:

'If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to any judgment pronounced after the new law takes effect.' " *Id.* ¶ 53 (quoting 5 ILCS 70/4 (West 2016)).

¶ 13　Our supreme court observed it had previously held that under section 4 a defendant is not eligible to be sentenced under a statutory amendment that became effective while his or her case is pending because he or she had already been sentenced prior to the statute's effective date. *Id.* ¶ 54. Our supreme court concluded that because the defendant was sentenced well before the new juvenile sentencing provisions became effective on January 1, 2016, he was not eligible to be sentenced under subsection (b). *Id.* ¶¶ 55-56. However, the court noted that where a defendant's sentence is vacated on appeal and the cause is remanded for resentencing, under section 4 of the Statute on Statutes, the defendant may elect to be sentenced under the law in effect at the time of the new sentencing hearing. *Id.* ¶ 54.

¶ 14　Here, defendant finds himself in the same predicament as the defendant in *Hunter*, as the new juvenile sentencing provisions became effective during the pendency of defendant's appeal but after defendant was sentenced. Dispositive of defendant's argument is the fact that defendant was sentenced on July 2, 2014, well before the new juvenile sentencing provisions took effect on January 1, 2016. Pursuant to our supreme court's holding in *Hunter*, section 5-4.5-105(b) applies prospectively only. Accordingly, we reject defendant's argument.

¶ 15　　II. Constitutionality of Firearm Enhancement as Applied to Defendant

¶ 16　Defendant next contends that the trial court's imposition of the 15-year firearm enhancement is unconstitutional as applied to him. Specifically, defendant argues that the

5

enhancement violates (1) the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and (2) article I, section 11, of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), also referred to as the proportionate penalties clause. Defendant contends that because the proportionate penalties clause provides greater protection against unjust sentences than the eighth amendment, defendant will use the standards of the proportionate penalties clause for purposes of this challenge.

¶ 17    The eighth amendment of the United States Constitution prohibits cruel and unusual punishments. U.S. Const., amend. VIII. Cruel and unusual punishments include those punishments that are " 'disproportionate to the crime.' " *People v. McKee*, 2017 IL App (3d) 140881, ¶ 25 (quoting *Graham v. Florida*, 560 U.S. 48, 59 (2010)). The concept of proportionality is central to the eighth amendment, and that concept is viewed less through a historical prism than according to the evolving standards of decency that mark the progress of a maturing society. *Miller v. Alabama*, 567 U.S. 460, 469 (2012).

¶ 18    Our supreme court has observed that the proportionate penalties clause of the Illinois Constitution is coextensive with the eighth amendment of the United States Constitution. *People v. Patterson*, 2014 IL 115102, ¶ 106. The proportionate penalties clause provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. An "as applied" constitutional challenge requires the defendant to show that the statute at issue violates the Illinois Constitution as applied to him. *People v. Aikens*, 2016 IL App (1st) 133578, ¶ 33. A proportionality violation may be found where the penalty imposed for the offense is "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community." *People v. Miller*, 202 Ill. 2d 328, 338 (2002) (*Leon Miller*). A punishment that

constitutes "cruel, degrading, or so wholly disproportionate to the offense as to shock the moral sense of the community" is not clearly defined because "as our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community." *Id.* at 338-39. To determine whether a punishment shocks the moral sense of the community, we must consider objective evidence as well as the community's changing standard of moral decency. *Aikens*, 2016 IL App (1st) 133578, ¶ 33. Put differently, we must consider "the gravity of the defendant's offense in connection with the severity of the statutorily mandated sentence within our community's evolving standard of decency." *Leon Miller*, 202 Ill. 2d at 340.

¶ 19    Every statute carries a strong presumption of constitutionality. *People v. Sharpe*, 216 Ill. 2d 481, 487 (2005). To overcome this presumption, the challenging party must clearly establish that the statute violates the constitution. *Id.* The constitutionality of a statute is a matter of law subject to *de novo* review. *Id.* at 486-87.

¶ 20    Initially, we note that Illinois courts have repeatedly upheld the constitutionality of the mandatory firearm enhancement statute when reviewing adult defendants' sentences. *Id.* at 481, 519-21; *People v. Harris*, 2016 IL App (1st) 141744, ¶ 45. As our supreme court has observed:

> "[I]t would not shock the conscience of the community to learn that the legislature has determined that an additional penalty ought to be imposed when murder is committed with a weapon that not only enhances the perpetrator's ability to kill the intended victim, but also increases the risk that grievous harm or death will be inflicted upon bystanders." *Sharpe*, 216 Ill. 2d at 525.

In this case, however, we are not reviewing the constitutionality of a mandatory firearm enhancement as applied to an adult. Rather, we are reviewing the constitutionality of a

7

mandatory firearm enhancement as applied to a juvenile. We note this as a stark difference in how we undertake our analysis of defendant's argument.

¶ 21   Turning back to the merits, the United States Supreme Court has determined that the eighth amendment prohibits certain harsh sentences for juvenile offenders. In *Roper v. Simmons*, 543 U.S. 551, 574-75 (2005), the Court held that the death penalty for juvenile offenders was unconstitutional. Thereafter, in *Graham*, 560 U.S. at 82, the Court held that sentencing juvenile offenders of nonhomicide offenses to life imprisonment without the possibility of parole was unconstitutional. In *Miller*, 567 U.S. at 489, the Court concluded that the eighth amendment prohibits the mandatory sentencing of a juvenile to life in prison without the possibility of parole, even if the juvenile was convicted of murder.

¶ 22   In each of these cases, the Supreme Court relied at least partially on the rationale that juveniles have less moral culpability and greater rehabilitative potential than adults. In *Miller*, for example, the Supreme Court observed that juveniles are constitutionally different from adults for purposes of sentencing and, because juveniles have diminished culpability and greater prospects for reform, they are less deserving of the most severe punishments. *Id.* at 471. The *Miller* Court observed three significant gaps that exist between juveniles and adults:

> "First, children have a lack of maturity and an underdeveloped sense of responsibility, leading to recklessness, impulsivity, and heedless risk-taking. [Citation.] Second, children are more vulnerable ... to negative influences and outside pressures, including from their family and peers; they have limited contro[l] over their own environment and lack the ability to extricate themselves from horrific, crime-producing settings. [Citation.] And third, a child's character is not as well formed as an adult's; his traits are less fixed and

8

his actions less likely to be evidence of irretrievabl[e] deprav[ity]." (Internal quotation marks omitted.) *Id.*

The *Miller* Court concluded that before a sentencing court may impose a life sentence on a juvenile offender, it is required to "take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id.* at 480.

¶ 23 Illinois courts have also recognized that juveniles have less moral culpability and greater rehabilitative potential than adults. In *Leon Miller*, the 15-year old defendant was convicted under a theory of accountability of two murders after he agreed to serve as a lookout for one minute to two individuals who opened fire and killed two people. *Leon Miller*, 202 Ill. 2d at 330-31. The defendant was convicted despite the fact that he never handled the guns used in the commission of the crime and ran away when the shots were fired. *Id.* The defendant was sentenced to life without parole, which our supreme court found to violate the proportionate penalties clause because the sentence "grossly distort[ed] the factual realities of the case and [did] not accurately represent [the] defendant's personal culpability such that it shocks the moral sense of the community." *Id.* at 341. In reaching this conclusion, our supreme court noted that, when combined, the automatic transfer statute, the accountability statute, and the multiple-murder sentencing statute precluded the trial court from considering the actual facts of the crime, including the age of the defendant at the time of the offense and the defendant's culpability. *Id.* As our supreme court noted, "this case presents the least culpable offender imaginable, a 15-year-old who had 'about a minute from the time this plan began until the act was completed by other persons.' " *Id.* Our supreme court explained that its decision was consistent with the longstanding distinction made in the State of Illinois between adult and juvenile offenders, a distinction emphasized by the reality that our state was the first to create a court system

9

exclusively dedicated to juveniles. *Id.* Our supreme court further explained that as a society, our state has recognized that young defendants have greater rehabilitative potential. *Id.* at 342.

¶ 24 More recently, our colleagues in the First District rendered a decision that is analogous to the case before us on appeal. In *Aikens*, 2016 IL App (1st) 133578, the juvenile defendant was convicted of several counts of attempted first degree murder of a peace officer, attempted first degree murder, aggravated discharge of a firearm, and aggravated unlawful use of a weapon after the defendant fired multiple shots at an unmarked police car. *Id.* ¶¶ 1-5. The defendant was sentenced to 20 years in prison for the attempted murder convictions, plus an additional mandatory 20-year enhancement for personally discharging a firearm, for a total of 40 years' imprisonment. *Id.* ¶ 1. On appeal, the defendant argued, *inter alia*, that the 20-year mandatory firearm enhancement violated the eighth amendment and the proportionate penalties clause. *Id.* ¶ 32. The First District reversed and remanded for resentencing after finding the defendant's sentence violated the proportionate penalties clause as applied to him in that it "shocks our evolving standard of moral decency." *Id.* ¶ 37. In reaching this decision, the court noted that the juvenile defendant was young, the defendant had no prior criminal history, and the defendant had great rehabilitative potential. In addition, the court noted that while the crime was serious, no one was injured. The court further explained:

> "We believe that this decision is consistent with the evolving standards for juvenile offenders in this State as evidenced by recent changes that have been made in the way that juveniles are tried and sentenced. See Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105 (West 2014)) ***. Now, when a person commits an offense and is under 18 years of age at the time of the offense, there are additional factors the trial court must consider in sentencing that offender, including age, impetuosity, and

10

level of maturity, and the trial court 'may, in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon firearm possession.' Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105(b) (West 2014)). *** While these provisions do not apply retroactively, they are indicative of a changing moral compass in our society when it comes to trying and sentencing juveniles as adults. [Citation.] We therefore reverse defendant's sentence and remand for resentencing in line with the new sentencing scheme, without imposition of the mandatory enhancement. [Citation.]" *Id.* ¶ 38.

¶ 25 Similar to *Aikens*, we find that the sentencing scheme employed by the trial court, as applied to defendant, violates the proportionate penalties clause of the Illinois Constitution, as it shocks our community's evolving standard of moral decency. See *People v. Hernandez*, 382 Ill. App. 3d 726, 727 (2008) ("To determine whether a penalty shocks the moral sense of the community, we must consider objective evidence as well as the community's changing standard of moral decency."). The record in this case shows that defendant was 17 years old when he committed the offense of armed robbery. Defendant had no prior criminal history. The parties do not dispute that defendant did not cause physical harm to anyone during the commission of the offense, or that the gun defendant displayed was unloaded. We find it important to note that in reaching our decision, we are not downplaying the seriousness of defendant's offense. We recognize the serious psychological harm that can be inflicted as a result of defendant's decision to display a gun, loaded or not. However, at sentencing, defendant expressed remorse for his actions and empathized with the gas station clerk and the trauma she experienced as a result of the incident. The court acknowledged defendant's apology and thanked defendant for taking responsibility for his actions, in particular for apologizing to the gas station clerk. The court

11

further noted defendant's rehabilitative potential, as defendant has supportive people in his life and has attempted to better himself and help others. Defendant's rehabilitative potential is also supported by the fact that defendant requested to be placed in drug and alcohol treatment at sentencing.

¶ 26    Since the trial court in this case imposed the mandatory 15-year firearm enhancement, the law has evolved to afford the trial court discretion as to whether the enhancement should be imposed. It is clear from the string of cases cited above that the moral compass is changing with regard to juveniles in the justice system. See *Leon Miller*, 202 Ill. 2d at 339 ("[A]s our society evolves, so too do our concepts of elemental decency and fairness which shape the 'moral sense' of the community."). The trial court considered multiple factors in arriving at its sentence. Presumably, the court was aware of defendant's lesser moral culpability and greater rehabilitative potential when compared to an adult offender, as it discretionarily sentenced defendant to 7 years for the armed robbery, only one year above the low end of the sentencing range of 6 to 30 years for that crime. 720 ILCS 5/18-2(b) (West 2012). The court's imposition of the mandatory 15-year firearm enhancement, in effect, required the court to impose a sentence that failed to account for defendant's criminal history and rehabilitative potential. We conclude this enhancement violates our community's evolving standard of moral decency.

¶ 27    As the *Aikens* court concluded, we find our decision is consistent with the evolving standards for juvenile offenders in this state as evidenced by the recent changes that have been made in the manner in which juveniles are tried and sentenced. See Pub. Act 99-69, § 10 (eff. Jan. 1, 2016) (adding 730 ILCS 5/5-4.5-105); *Aikens*, 2016 IL App (1st) 133578, ¶ 38. Now, when a person commits a criminal offense and is under 18 years of age at the time of the offense, the trial court must consider certain factors in sentencing the offender, including the person's

age, maturity, impetuosity, background, and rehabilitative potential. 730 ILCS 5/5-4.5-105(a) (West 2016); *Aikens*, 2016 IL App (1st) 133578, ¶ 38. Moreover, the trial court "may, in its discretion, decline to impose any otherwise applicable sentencing enhancement based upon firearm possession." 730 ILCS 5/5-4.5-105(b) (West 2016); *Aikens*, 2016 IL App (1st) 133578, ¶ 38. Although these provisions do not apply retroactively, "they are indicative of a changing moral compass in our society when it comes to trying and sentencing juveniles as adults." *Aikens*, 2016 IL App (1st) 133578, ¶ 38.

¶ 28                                    CONCLUSION

¶ 29    For the foregoing reasons, we find the trial court's imposition of the mandatory 15-year firearm enhancement, as applied to defendant, violates the proportionate penalties clause of the Illinois Constitution, as it shocks our evolving standard of moral decency. Accordingly, we vacate the trial court's sentence and remand this cause for a resentencing hearing in line with the new sentencing scheme (730 ILCS 5/5-4.5-105 (West 2016)), without imposition of the mandatory enhancement.

¶ 30    Vacated and remanded with directions.

13

2018 IL App (5th) 140378

NO. 5-14-0378

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

<table>
<tr><td>THE PEOPLE OF THE STATE OF ILLINOIS,</td><td>)</td><td>Appeal from the</td></tr>
<tr><td></td><td>)</td><td>Circuit Court of</td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td>Jackson County.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>No. 13-CF-590</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>DONTRIEL BARNES,</td><td>)</td><td>Honorable</td></tr>
<tr><td></td><td>)</td><td>Ralph R. Bloodworth III,</td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td>Judge, presiding.</td></tr>
</table>

**Opinion Filed:** November 19, 2018

**Justices:** Honorable Richard P. Goldenhersh, J.

Honorable Melissa A. Chapman, J., and
Honorable Judy L. Cates, J.,
Concur

**Attorneys for Appellant**

James E. Chadd, State Appellate Defender, Patricia Mysza, Deputy Defender, Alexander G. Muntges, Assistant Appellate Defender, Office of the State Appellate Defender, First Judicial District, 203 N. La Salle Street, 24th Floor, Chicago, IL 60601

**Attorneys for Appellee**

Hon. Michael Carr, State's Attorney, Jackson County Courthouse, 1001 Walnut Street, Murphysboro, IL 62966; Patrick Delfino, Director, Patrick D. Daly, Deputy Director, Kelly M. Stacey, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 East Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864