NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180132-U

NO. 4-18-0132

IN THE APPELLATE COURT

FILED
January 21, 2020
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| TORY S. MOORE, | ) | No. 97CF1660 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas E. Griffith Jr., |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We grant the Office of the State Appellate Defender's motion to withdraw as
               counsel and affirm the trial court's judgment dismissing defendant's petition for
               relief from judgment.

¶ 2       This case comes to us on the motion of the Office of the State Appellate Defender

(OSAD) to withdraw as counsel on the ground no meritorious issues can be raised in this case.

We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                                    I. BACKGROUND

¶ 4       In March 1999, a jury found defendant, Tory S. Moore, guilty of first degree

murder (720 ILCS 5/9-1(a)(1) (West 1996)). At the sentencing phase of the trial, the jury found

the aggravated factor of felony murder beyond a reasonable doubt but declined to impose the

death penalty. On May 6, 1999, the trial court sentenced defendant to natural life imprisonment.

We affirmed the trial court's judgment on direct appeal. *People v. Moore*, No. 4-99-0451 (2001) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5　　　　　In August 2006, defendant filed a postconviction petition, which the trial court summarily dismissed. We affirmed the trial court's judgment. *People v. Moore*, No. 4-06-0899 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6　　　　　In April 2013, defendant filed a petition for relief from judgment under section 2-1401(f) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-1401(f) (West 2012)). The trial court granted the State's motion to dismiss defendant's petition. We again affirmed the trial court's judgment. *People v. Moore*, 2015 IL App (4th) 130779-U, ¶ 23.

¶ 7　　　　　On November 6, 2017, defendant filed the instant section 2-1401 petition, arguing his sentence was imposed in violation of the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and therefore void, because the trial judge, not the jury, found the offense exceptionally brutal or heinous. On February 2, 2018, the trial court *sua sponte* entered a written order dismissing defendant's petition, finding it was untimely filed and the claim raised therein barred by the doctrine of *res judicata*.

¶ 8　　　　　Defendant appealed the trial court's *sua sponte* dismissal, and OSAD was appointed. In July 2019, OSAD filed a motion to withdraw. We granted defendant leave to file a response to OSAD's motion on or before August 27, 2019, which he did not do.

¶ 9　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　　　　　OSAD contends no meritorious argument can be made the trial court erred in dismissing defendant's petition for relief from judgment. We review *de novo* the dismissal of a section 2-1401 petition. *People v. Vincent*, 226 Ill. 2d 1, 18, 871 N.E.2d 17, 28 (2007).

¶ 11         Section 2-1401 of the Civil Code (735 ILCS 5/2-1401 (West 2016)) establishes a comprehensive, statutory procedure through which final judgments may be challenged more than 30 days, but not more than 2 years, after their entry. *People v. Crenshaw*, 2017 IL App (4th) 150170, ¶ 17, 79 N.E.3d 289. One exception to the two-year limitation is found in subsection (f), which provides a void judgment may be challenged at any time. 735 ILCS 5/2-1401(f) (West 2016). A void judgment is a judgment entered by a court lacking jurisdiction, *i.e.*, subject matter or personal, and differs from a voidable judgment, which is entered erroneously by a court of competent jurisdiction. *People v. Castleberry*, 2015 IL 116916, ¶ 11, 43 N.E.3d 932.

¶ 12         The purpose of a section 2-1401 petition is to bring new matters to the trial court's attention that may have prevented entry of the judgment if known by the court at the time; issues previously raised are barred by the doctrine of *res judicata*. *People v. Burrows*, 172 Ill. 2d 169, 187, 665 N.E.2d 1319, 1327 (1996). Once a section 2-1401 petition is filed, the opposing party has 30 days to answer the petition or otherwise plead. *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009). Upon expiration of the 30-day period, the petition is " 'ripe for adjudication' " and the trial court may *sua sponte* enter a dismissal order. *Id.* (quoting *Vincent*, 226 Ill. 2d at 10).

¶ 13         We agree with OSAD no meritorious argument can be made the trial court committed procedural error in dismissing defendant's petition. Defendant filed his petition on November 6, 2017. The trial court dismissed it on February 2, 2018, more than 30 days after its filing. The petition was "ripe for adjudication," and the trial court had the authority to dismiss it *sua sponte*. *Vincent*, 226 Ill. 2d at 10.

¶ 14    We also agree no meritorious argument can be made the trial court erred in finding (1) defendant's petition was untimely or (2) the issue raised therein barred by the doctrine of *res judicata*.

¶ 15    In his petition, defendant argues his sentence was imposed in violation of *Apprendi*, and is therefore void, because the trial judge, not the jury, found the offense exceptionally brutal or heinous. Defendant raised this same argument (1) on direct appeal, (2) in his postconviction petition, and (3) in his initial section 2-1401 petition. We rejected it on the merits in the former two appeals, reasoning the jury found the aggravated factor of felony murder beyond a reasonable doubt and the trial court relied on this finding as an alternative basis for imposing natural life imprisonment (*People v. Moore*, No. 4-99-0451 (2001) (unpublished order under Illinois Supreme Court Rule 23) and *People v. Moore*, No. 4-06-0899 (2008) (unpublished order under Illinois Supreme Court Rule 23)), and we declined to address it for a third time in the latter appeal (*Moore*, 2015 IL App (4th) 130779, ¶ 17). The trial court, therefore, correctly concluded the issue raised in defendant's petition was barred by the doctrine of *res judicata*. Moreover, while defendant argues his sentence is void, he makes no contention the trial court lacked jurisdiction. Because defendant's petition actually seeks to challenge an allegedly voidable judgment, as opposed to one that is void, beyond the two-year limitation period, the trial court also correctly concluded defendant's petition was untimely filed.

¶ 16    Accordingly, we agree with OSAD no meritorious argument can be made the trial court erred in dismissing defendant's section 2-1401 petition.

¶ 17                              III. CONCLUSION

¶ 18    We grant OSAD's motion for leave to withdraw as counsel and affirm the trial court's judgment.

¶ 19          Affirmed.