2021 IL App (1st) 192181-U

FIFTH DIVISION
Order filed: September 3, 2021

No. 1-19-2181

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 06 CR 21549 |
| | ) | |
| | ) | |
| GREG CASTELLANO, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Delort and Justice Cunningham concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirmed the trial court's denial of the defendant's *pro se* motion for leave to file a successive postconviction petition challenging his 53-year sentence for first-degree murder as a violation of both the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution. We found that the successive postconviction petition that the defendant sought leave to file fails to set forth any individual characteristics which, even arguably, would require that the sentencing protections set forth in *Miller v. Alabama,* 567 U.S. 460 (2012) should apply to him.

¶ 2 The defendant, Greg Castellano, appeals from an order of the circuit court, denying him leave to file a successive postconviction petition challenging his 53-year sentence for first-degree murder as a violation of the eighth amendment to the United States Constitution (U.S. Const., amend. VIII) and a violation of the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). For the reasons which follow, we affirm.

¶ 3 On August 11, 2006, Gustavo Varela was shot and killed. The defendant, who was 18 years old at the time of the shooting, was charged with, *inter alia*, Varela's murder. Following a jury trial, the defendant was found guilty of first-degree murder and sentenced to 53 years' imprisonment: 28 years for first-degree murder and a consecutive term of 25 years for having used a firearm. On direct appeal, this court affirmed the defendant's conviction and sentence through a series of unpublished orders. See *People v. Castellano*, No. 1-08-1709 (June 29, 2010) (unpublished order under Supreme Court Rule 23); *People v. Castellano*, No. 1-08-1709 (October 25, 2010) (unpublished order under Supreme Court Rule 23); *People v. Castellano*, 2012 IL App (1st) 081709-U.

¶ 4 In March 2013, the defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 1996)). The circuit court summarily dismissed that petition, and the defendant appealed. This court affirmed the summary dismissal. *People v. Castellano*, 2015 IL App (1st) 133998-U.

¶ 5 On August 18, 2016, the defendant filed a *pro se* motion for leave to file a successive postconviction petition. The circuit court denied the motion, and the defendant appealed. On September 10, 2018, the defendant's appointed counsel filed a motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1978). Finding no arguable issues of merit, this court

granted the motion to withdraw as counsel and affirmed the circuit court's order denying the defendant's motion for leave to file a successive postconviction petition.

¶ 6    On March 29, 2019, the defendant filed a *pro se* motion for leave to file a successive postconviction petition challenging his 53-year sentence for first-degree murder as a violation of both the eighth amendment to the United States Constitution and the proportionate penalties clause of the Illinois Constitution. He alleged that, in sentencing him, the trial court failed to consider his youth and immaturity through the lens of the new scientific findings relating to the neurological and psychological development of young adults. On July 26, 2019, the circuit court entered an order denying the defendant's *pro se* motion for leave to file a successive postconviction petition, and this appeal followed.

¶ 7    In urging reversal, the defendant argues that the trial court erred when it denied his motion for leave to file a successive postconviction petition where he "established cause and prejudice for his claim that his sentence violated the Illinois Constitution as applied to him." The defendant has made no argument in his brief before this court that his 53-year sentence violated the eighth amendment of the United States Constitution. In support of the circuit court's order, the State argues that the defendant's motion and attached petition are insufficient to support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution as they failed to plead any facts or set forth documentation showing how the evolving science on maturity and brain development applies to his specific facts and circumstances. We agree with the State.

¶ 8    Under the Act, a defendant may raise a claim of a constitutional violation in his trial or in sentencing. *People v. Edwards*, 2012 IL 111711, ¶ 21. The Act contemplates the filing of one postconviction petition. *Id.* ¶ 22. Claims not raised in an initial petition are waived (*Id.* ¶ 21) unless

the defendant can show cause for and prejudice from failing to raise the claim in the earlier petition or makes a colorable claim of actual innocence (*People v. Robinson*, 2020 IL 123849, ¶ 42). Absent a claim of actual innocence, the defendant must establish both cause and prejudice in order to prevail on a motion for leave to file a successive postconviction petition. *People v. Pitsonbarger*, 205 Ill. 2d 444, 464 (2002). Successive postconviction petitions are "highly disfavored." *People v. Bailey*, 2017 IL 121450, ¶ 39. And meeting the cause-and-prejudice test is a "more exacting standard" than the "'gist' standard" under which an initial postconviction petition is reviewed. *People v. Conick,* 232 Ill. 2d 132, 142 (2008). Our review of the trial court's denial of leave to file a successive postconviction petition is *de novo*. *Robinson*, 2020 IL 123849, ¶ 39.

¶ 9    In *Miller v. Alabama*, 567 U.S. 460 (2012), the Supreme Court held that the eighth amendment to the United States Constitution "forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 567 U.S. at 479. Before sentencing a juvenile offender to life in prison, the sentencing judge must have the opportunity to consider mitigating factors such as, *inter alia*, the juvenile's age, the juvenile's family and home environment, the effects of familial or peer pressure, and the possibility of rehabilitation. *Miller,* 567 U.S. at 477-78.

¶ 10    In *People v. Harris*, 2018 IL 121932, ¶¶ 54-61, the supreme court set 18 as the age cutoff for juvenile sentencing protections in the eighth amendment context. The defendant in this case was convicted and sentenced for a murder that he committed when he was 18. Consequently, the decision in *Harris* foreclosed the defendant's eighth amendment argument that his age and sentence qualify him for the protections afforded to juveniles pursuant to the holding in *Miller*. See also *People v. Pittnan*, 2018 IL App (1st) 152030, ¶ 31.

¶ 11    However, the *Harris* court left open the question of whether a defendant convicted and sentenced to a *de facto* life sentence for a crime that was committed when he was 18 years old could raise an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. *Harris*, 2018 IL 121932, ¶ 48. The supreme court held that such a claim is more appropriately brought in a proceeding under the Act or by means of a petition pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/201401 (West 2016)). *Id.*

¶ 12    Assuming for the sake of analysis only that the successive postconviction petition that the defendant sought leave to file in this case set forth sufficient facts establishing both cause for and prejudice from failing to raise the proportionate penalties claim in an earlier petition, we find that the successive postconviction petition he sought leave to file fails to allege facts showing how the evolving science on maturity and brain development that helped form the basis for the *Miller* decision applies to his specific facts and circumstances.

¶ 13    "Young adult defendants are not entitled to a presumption that *Miller* applies to them." *People v. Ruiz*, 2020 IL App (1st) 163145, ¶ 52. "[U]nder *Harris*, a young adult defendant must plead and ultimately prove, that his or her individual characteristics require the application of *Miller*." *Id.* The petition and accompanying documents must contain sufficient facts to justify further proceedings. "[T]he defendant must show 'how the evolving science on maturity and brain development that helped form the basis for the *Miller* decision applies to defendant's specific facts and circumstances.' " *Id.* ¶ 52 (quoting *Harris*, 2018 IL 121932, ¶ 46).

¶ 14    Other than alleging that he was 18 years old when he committed the murder for which he was convicted and sentenced to 53 years' imprisonment, the successive postconviction petition that the defendant sought leave to file fails to set forth any individual characteristics that, even arguably, would require the sentencing protections set forth in *Miller* should apply to him. Having

failed to allege facts showing that the holding in *Miller* should apply to his particular circumstances, the successive postconviction petition that the defendant sought leave to file is insufficient to support an as-applied challenge to his sentence under the proportionate penalties clause of the Illinois Constitution. *People v. Moore*, 2020 IL App (4th) 190528, ¶¶ 39-41; *People v. Carrion*, 2020 IL App (1st) 171274, ¶ 38; *People v. White*, 2020 IL App (5th) 170345, ¶ 24; see also *People v. Glinsey*, 2021 IL App (1st) 191145, ¶ 60 (Martin, J., dissenting); but see *People v. Minniefield*, 2020 IL App (1st) 170541, ¶ 44; *People v. Carrasquillo*, 2020 IL App (1st) 180534, ¶ 109. Based upon our finding in this regard, we affirm the trial court's order denying the defendant leave to file a successive postconviction petition.

¶ 15    Affirmed.