NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190891-U

NO. 4-19-0891

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 8, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| STEVEN D. SUMMERS, | ) | No. 95CF312 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jeffrey B. Ford, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The appellate court affirmed, concluding the trial court properly denied
defendant's motion for leave to file a successive postconviction petition where he
failed to demonstrate cause and prejudice.

¶ 2        Defendant, Steven D. Summers, appeals from the Champaign County circuit

court's denial of his motion for leave to file a successive petition under the Post-Conviction

Hearing Act (Postconviction Act) (725 ILCS 5/122-1 to 122-7 (West 2018)). We affirm.

¶ 3                          I. BACKGROUND

¶ 4        This court has set forth the underlying facts of this case several times. See *People*

*v. Summers*, No. 4-96-0136 (May 30, 1997) (unpublished order under Illinois Supreme Court

Rule 23); *People v. Summers*, No. 4-03-0896 (May 9, 2005) (unpublished order under Illinois

Supreme Court Rule 23); *People v. Summers*, 2011 IL App (4th) 100195-U; *People v. Summers*,

2018 IL App (4th) 160600-U. Accordingly, we will set forth only those facts necessary to resolve the issue presented in this case.

¶ 5        On August 31, 1995, the State charged defendant by indictment with one count of aggravated vehicular hijacking, a Class X felony (720 ILCS 5/18-4(a)(3), (b) (West 1994)), when defendant took a 1993 Pontiac Grand Prix from Megan Mahoney while armed with a handgun and threatening to use imminent force; two counts of aggravated kidnapping of Mahoney while armed with a handgun, a Class 1 felony (*id.* §§ 10-2(a)(5), (b)(2)); and one count of armed robbery, a Class X felony (*id.* §§ 18-2(a), (b)), when defendant took Mahoney's 1993 Pontiac Grand Prix and money while armed with a handgun. The indictments alleged the events took place on March 3, 1995, when defendant was 19 years old. Following a jury trial, defendant was convicted on the aggravated vehicular hijacking and armed robbery charges. The Champaign County circuit court sentenced defendant to two concurrent terms of 30 years in prison.

¶ 6        In June 1995, several weeks before defendant was indicted in this case, defendant pleaded guilty to two counts of attempt (first degree murder) (*id.* § 5-8-4(a)) in Clinton County case No. 95-CF-42. In exchange for his plea of guilty in that case, defendant was sentenced to two concurrent terms of 60 years in prison. Defendant's concurrent sentences in this case were ordered to run consecutively to his concurrent sentences in the Clinton County case. Defendant appealed his sentences in the Clinton County case, and the Fifth District affirmed. *People v. Summers*, 291 Ill. App. 3d 656, 657, 684 N.E.2d 1004, 1005 (1997).

¶ 7        On direct appeal in this case, defendant argued his conviction for aggravated vehicular hijacking should be vacated because it was an included offense of armed robbery. This court affirmed defendant's convictions and sentences. *Summers*, No. 4-96-0136 (May 30, 1997) (unpublished order under Illinois Supreme Court Rule 23).

- 2 -

¶ 8 Since 1996, defendant has filed numerous collateral challenges to his convictions and sentences, including five petitions for relief under the Postconviction Act and three petitions for relief from judgment under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2008)). None of those challenges have been successful. See *Summers*, 2018 IL App (4th) 160600-U, ¶¶ 13-27 (summarizing defendant's collateral challenges and appeals to this court).

¶ 9 In November 2019, defendant filed a motion for leave to file a sixth successive postconviction petition. In his petition, defendant raised an as-applied constitutional challenge to his sentences in this case and in the Clinton County case based in part on *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. Specifically, defendant argued the trial court erred when it sentenced him to an "aggregate *de facto* life sentence of 90 years where [he] was a 19[-]year[-]old teenager at the time of the offense and where both courts failed to properly consider his youth and its attendant characteristics."

¶ 10 On November 26, 2019, the trial court entered a written order denying defendant's motion for leave to file a successive petition.

¶ 11 This appeal followed.

¶ 12 II. ANALYSIS

¶ 13 Defendant argues he set forth the *prima facie* showings for his claim his concurrent 30-year sentences in this case, coupled with his 60-year sentences in Clinton County case No. 95-CF-42, violated the eighth amendment of the United States Constitution and the proportionate penalties clause of the Illinois Constitution as applied to him. U.S. Const., amend. VIII; Ill. Const. 1970, art. I, § 11. The State responds that the trial court properly denied defendant leave to file a successive postconviction petition because he failed to demonstrate both

cause and prejudice as required by section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2018)). We agree with the State and affirm the trial court's judgment.

¶ 14                                  A. Postconviction Proceedings

¶ 15        Section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2018)) provides the following:

> "Only one petition may be filed by a petitioner under this Article without leave of the court. Leave of court may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure. For purposes of this subsection (f): (1) a prisoner shows cause by identifying an objective factor that impeded his or her ability to raise a specific claim during his or her initial post-conviction proceedings; and (2) a prisoner shows prejudice by demonstrating that the claim not raised during his or her initial post-conviction proceedings so infected the trial that the resulting conviction or sentence violated due process."

¶ 16        Thus, for a defendant to obtain leave to file a successive postconviction petition, both prongs of the cause-and-prejudice test must be satisfied. *People v. Guerrero*, 2012 IL 112020, ¶ 15, 963 N.E.2d 909. When the circuit court has not held an evidentiary hearing, this court reviews *de novo* the denial of a defendant's motion for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 17                                  B. *Miller* and its Progeny

¶ 18        Defendant argues he demonstrated cause warranting leave to file a successive postconviction petition because "the legal basis for his constitutional claims is based on recent

and evolving case law that was not available to [him] when he filed his previous petitions." Specifically, defendant relies on the Supreme Court's holding in *Miller* and subsequent Illinois case law interpreting *Miller*.

¶ 19    This court recently summarized the holding in *Miller* as follows:

"In *Miller*, 567 U.S. at 479, the Supreme Court held 'that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders,' *i.e.*, those under the age of 18. The court relied on previous decisions establishing that children are constitutionally different from adults for sentencing purposes. [Citations.] In setting forth its decision, the court stated as follows:

'Mandatory life without parole for a juvenile precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the family and home environment that surrounds him—and from which he cannot usually extricate himself—no matter how brutal or dysfunctional. It neglects the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him. Indeed, it ignores that he might have been charged and convicted of a lesser offense if not for incompetencies associated with youth—for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys. [Citations.] And finally, this mandatory punishment

disregards the possibility of rehabilitation even when the circumstances most suggest it.' [Citation.]" *People v. Cortez*, 2021 IL App (4th) 190158, ¶ 38.

¶ 20    Following its holding in *Miller*, the Supreme Court held that *Miller* set forth a substantive rule of constitutional law and therefore applies retroactively. *Montgomery v. Louisiana*, 577 U.S. 190, 208-09 (2016). In interpreting *Miller*, the Illinois Supreme Court determined that, "to prevail on a claim based on *Miller* and its progeny, a defendant sentenced for an offense committed while a juvenile must show that (1) the defendant was subject to a life sentence, mandatory or discretionary, natural or *de facto*, and (2) the sentencing court failed to consider youth and its attendant characteristics in imposing the sentence." *People v. Buffer*, 2019 IL 122327, ¶ 27, 137 N.E.3d 763.

¶ 21    "Although *Miller* and its progeny directly apply to only offenders under the age of 18, our supreme court has recognized that young adult offenders 'may raise an as-applied constitutional challenge [under the proportionate penalties clause of the Illinois Constitution] in a postconviction petition based on the evolving science on juvenile maturity and brain development which helped form the basis of the *Miller* decision.' " *Cortez*, 2021 IL App (4th) 190158, ¶ 42 (quoting *People v. Moore*, 2020 IL App (4th) 190528, ¶ 37, 170 N.E.3d 204, citing *People v. Harris*, 2018 IL 121932, ¶¶ 46, 48, 120 N.E.3d 900).

¶ 22    While this matter was pending before this court, the Illinois Supreme Court released its opinion in *People v. Dorsey*, 2021 IL 123010. In that case, the defendant appealed from the First District's judgment affirming the denial of the defendant's motion for leave to file a successive postconviction petition. *Id.* ¶ 1. As relevant to this case, the defendant argued that his aggregate sentence of 76 years in prison for crimes committed when he was 14 years old

violated the proportionate penalties clause of the Illinois Constitution as applied to him. *Id.* ¶¶ 4, 19, 68. The supreme court held that the defendant failed to demonstrate cause for his failure to raise this argument in his initial postconviction petition as required by section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2016)). In reaching this conclusion, the supreme court held that not only was the defendant's claim both (1) forfeited and (2) barred by the doctrine of *res judicata*, but also, "*Miller*'s announcement of a new substantive rule under the eighth amendment does not provide cause for a defendant to raise a claim under the proportionate penalties clause." *Id.* ¶¶ 70, 74. The court reasoned as follows:

> "As defendant acknowledges, Illinois courts have long recognized the differences between persons of mature age and those who are minors for purposes of sentencing. Thus, *Miller*'s unavailability prior to 2012 at best deprived defendant of 'some helpful support' for his state constitutional law claim, which is insufficient to establish 'cause.' " *Id.* ¶ 74 (quoting *People v. LaPointe*, 2018 IL App (2d) 160903, ¶ 59, 127 N.E.3d 131).

¶ 23                    C. This Case

¶ 24        First, defendant cannot establish cause or prejudice as to his claim his aggregate sentences violate the eighth amendment to the United States Constitution. Defendant was 19 years old when he committed the aggravated vehicular hijacking and armed robbery in this case. In *Miller*, the United States Supreme Court explicitly held the eighth amendment only prohibits "mandatory life without parole *for those under the age of 18*" at the time of their crimes. (Emphasis added.) *Miller*, 567 U.S. at 465. Additionally, the Illinois Supreme Court has noted its agreement with federal court decisions rejecting claims to extend *Miller* to individuals who committed crimes as young adults. *Harris*, 2018 IL 121932, ¶ 61 (collecting cases). Defendant

cannot demonstrate cause or prejudice as to this claim because the eighth amendment does not provide a constitutional basis under which defendant may challenge his convictions. See also *People v. Chambers*, 2021 IL App (4th) 190151, ¶ 68 (stating that for purposes of the eighth amendment, our supreme court has declined to apply *Miller* to young adult offenders); *People v. Mauricio*, 2021 IL App (2d) 190619, ¶¶ 22-23 (rejecting the defendant's claim that a young adult may raise an as-applied eighth amendment challenge to his sentence).

¶ 25         Additionally, based on our supreme court's decision in *Dorsey*, we conclude defendant in this case has failed to demonstrate cause for his failure to raise his as-applied proportionate penalties clause claim in any of his previous five postconviction petitions. Like the defendant in *LaPointe*, defendant's claim "does not rest on the new substantive legal rule that *Miller* created." *LaPointe*, 2018 IL App (2d) 160903, ¶ 58. While the Supreme Court's reasoning in *Miller* may have provided "some helpful support" (*id.* ¶ 59) for his proportionate penalties clause claim, its unavailability prior to 2012 did not prevent him from raising such a claim in a postsentencing motion, on direct appeal, or in his initial postconviction petition.

¶ 26         Moreover, even if defendant were able to demonstrate cause, he has also failed to demonstrate prejudice because he provided no evidence indicating how "his own immaturity or individual circumstances would provide a compelling reason to allow him to file a successive postconviction petition." *Moore*, 2020 IL App (4th) 190528, ¶ 40. Although defendant, in his affidavit, provided evidence regarding his capability for rehabilitation based on his accomplishments and good behavior while in prison, this evidence is not temporally relevant to what was considered by the sentencing court because these were not facts that existed at that time. The information provided merely shows defendant, in his adulthood, has responded positively to the educational and therapeutic programs available to him while in prison.

Defendant provides no support for his assertion that his sentence violated the proportionate penalties clause based on the circumstances unique to his upbringing and youth at the time he committed the offenses in this case. Like the defendant in *Moore*, "[d]efendant's flat assertion a 19-year-old's brain is more like a 17-year-old adolescent's in terms of development is simply insufficient to survive the more exacting standard that would warrant the filing of a successive postconviction petition." *Id.*

¶ 27            Accordingly, the trial court properly denied defendant leave to file a successive postconviction petition.

¶ 28                                III. CONCLUSION

¶ 29            For the reasons stated, we affirm the trial court's judgment.

¶ 30            Affirmed.